**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIE DRUMMOND,               :
                                         Civil Action No. 10-5944 (NLH)
            Petitioner,        :

       v.                      :     **OPINION**

WARDEN PAUL M. SCHULTZ,        :

            Respondent.        :

**APPEARANCES:**

Petitioner pro se                Counsel for Respondents
Willie Drummond                  Paul A. Blaine
04150-007                        United States Attorney
Hope Village                     401 Market Street
2844 Langston Place, Southeast   4th Floor
Washington, DC 20020             Camden, NJ 08101

**HILLMAN**, District Judge

   Petitioner Willie Drummond, now residing at Hope Village in Washington, DC, and formerly a prisoner confined at FCI Fairton in Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241;[1] he has paid the $5 filing fee.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

I.   BACKGROUND

Petitioner asserts that the BOP miscalculated his jail credit and states that he is being deprived of approximately eleven months of time served.

The facts provided in the petition are vague, but can be supplemented by the information listed below, taken from Respondent's responsive filing.

On March 17, 2000, Petitioner was sentenced in the Superior Court of the District of Columbia to a four to twelve year custodial term for attempted distribution of cocaine.  The sentence was suspended and Petitioner was placed on supervised probation.  Probation was then revoked on September 7, 2001 and Petitioner was sentenced to serve a twelve year term.  Petitioner was also sentenced to a four year concurrent term for attempted possession of heroin with intent to distribute.  The concurrent term was satisfied on June 6, 2004.  Petitioner was released on parole from the twelve year sentence on January 7, 2005.

Petitioner agreed to participate in a community based drug program.  He then was arrested in Maryland on December 9, 2005, charged with theft.  He began the community based drug program on January 6, 2006.  He then appeared on the Maryland charges on

February 21, 2006 and was sentenced to an eighteen month term. Participation in the community based drug program was then terminated on that same date.

The United States Parole Commission ("USPC") revoked parole and ordered no credit for time on parole. He was then again released on parole on February 23, 2007, with 2,496 days remaining left to be served, plus one public law day.

Petitioner again violated his parole on September 11, 2007 and parole was once again revoked. The USPC directed that in addition to parole revocation, no time spent on parole was to be credited and he was to continue to a re-parole date of March 9, 2011.

The sentence computation by the Bureau of Prisons ("BOP") indicating that the District of Columbia parole violation sentence commenced on January 15, 2008. Petitioner received jail credit for the time spent in custody from January 10, 2008 through January 14, 2008 prior to execution of a parole violator warrant.

Petitioner was sentenced by the Superior Court of the District of Columbia on December 23, 2008 to a thirty-six month custodial term for the September 11, 2007 charge related to distribution of heroin. That term was to run concurrently to any other sentence, and Petitioner also received jail credit from September 11, 2007 to September 12, 2007.

Petitioner asserts that he is entitled to jail credit from January 15, 2008 through December 22, 2008, a time in which he was serving his parole violation sentence.

## II.  LEGAL STANDARD

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified."  See Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004) ("Habeas Rules"), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

Nevertheless, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

4

III.  ANALYSIS

A.  Jurisdiction

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005).  Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

Accordingly, this Court has jurisdiction to hear this this application for additional credit toward his federal sentence.

B.  Petitioner's Claims

Petitioner brings this application, for a reduction or credit with respect to his remaining sentence, under 28 U.S.C. § 2241.  "Section 2241 is the only statute that confers habeas

5

jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (citations omitted).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.), cert. denied, 429 U.S. 851 (1976) (finding jurisdiction where prisoner challenged erroneous computation of release date).  See also Vega v. United States, 493 F.3d 310 (3d Cir. 2007) (finding jurisdiction where prisoner challenged BOP's failure to give credit for time served prior to federal sentence); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991) (finding jurisdiction where prisoner challenged BOP refusal to decide whether to designate state prison as a place of serving federal sentence); Soyka v. Allredge, 481 F.2d 303 (3d Cir. 1973) (finding jurisdiction where petitioner alleged a claim for credit for time served prior to federal sentencing).

    The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

Here, the December 23, 2008 sentence was ordered to run concurrent to any other sentence, and Petitioner contends that he is entitled to credit for time served for a parole violation during the time period of January 15, 2008 through December 22, 2008, before the sentence was issued.

Petitioner's request to have that time credited against his remaining time is, in effect, a request for double credit of

almost a year's worth of time that Petitioner served prior to the December 22, 2008 sentence.  Double credit is prohibited pursuant to 18 U.S.C. § 3585(b) which provides that a credit shall be given credit toward the service of a term of imprisonment only where it has not been credited against another sentence.

While § 3585(b) does allow time credit for prior custody in certain situations, that provision of the statute is not available to Petitioner here.  It is not permissible for inmates to double count their time served.  See United States v. Wilson, 503 U.S. 329, 337.  Accordingly, the additional sentence credit Petitioner seeks cannot be applied to his remaining sentence since that time period was previously used to satisfy his parole violation term.  Petitioner is not entitled to a remedy of any additional credit toward his sentence.

## IV.   CONCLUSION

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.


At Camden, New Jersey                    /s/ Noel L. Hillman
                                         Noel L. Hillman
                                         United States District Judge

Dated: August 15, 2011